**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| GUNAWAN MAKMURI, | No. 07-74224 |
| Petitioner, | Agency No. A072-403-972 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN and N.R. SMITH, Circuit Judges.

Gunawan Makmuri, native and citizen of Indonesia, petitions for review of a

Board of Immigration Appeals' order summarily affirming an immigration judge's

decision denying his application for asylum, withholding of removal, and relief

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992). We deny the petition for review.

Substantial evidence supports the agency's finding that, even if Makmuri is credible, he failed to demonstrate the incidents he suffered constituted past persecution. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (no evidence the petitioner was robbed on account of his race as opposed to his carrying expensive items); *Wakkary v. Holder*, 558 F.3d 1049, 1059 (9th Cir. 2009) (being "beaten by youths and robbed of . . . sandals and pocket money . . . and being accosted by a threatening mob" were instances of "discriminatory mistreatment."). Substantial evidence also supports the agency's finding that Makmuri failed to establish a well-founded fear of future persecution because, even as a member of a disfavored group of Chinese Christians, he did not show he faced an individualized risk of persecution. *Cf. Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004). Further, the record does not compel the conclusion that there is a pattern or practice of persecution against Chinese Christians in Indonesia. *See Wakkary*, 558 F.3d at 1060-62. Further, contrary to Makmuri's contention, the record shows that the IJ adequately considered the reports on country conditions. Accordingly, his asylum claim fails.

07-74224

Because Makmuri failed to meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, the record does not compel the conclusion it is more likely than not that Makmuri will be tortured if he returns to Indonesia. *See Wakkary*, 558 F.3d at 1068. Accordingly, Makmuri's CAT claim fails.

**PETITION FOR REVIEW DENIED.**